UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JACQUELINE FREEMAN,          )
                             )
         Plaintiff,          )
                             )
v.                           )     CV423-173
                             )
KIRK DOUGLAS FREEMAN,        )
                             )
         Defendant.          )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Jacqueline Freeman has filed a document titled "Petition for Federal Criminal Prosecution of Non-Support." Doc. 1 at 1. She subsequently filed an Amended Complaint, that asserts substantially the same claims.[1] *Compare* doc. 7, *with* doc. 1. She cites to several provisions of the United States Code that impose criminal penalties for failure to pay court-ordered child support. *See* doc. 7 at 4 (citing 18 U.S.C. § 228). She has also moved to proceed *in forma pauperis* ("IFP"). Doc. 2. Since it appears that she lacks sufficient funds to pay the filing fee, that Motion is **GRANTED**. Doc. 2. However, for the

---

[1] Freeman's Amended Complaint expressly incorporates her "Petition for Federal Criminal Prosecution of Non-Support." *See* doc. 7 at 4. Given the substantial similarity between the two pleadings, the Court has discussed both below.

reasons explained below, her Petition and Amended Complaint should be **DISMISSED**.

The Court must screen any complaint filed IFP, pursuant to 28 U.S.C. § 1915(e). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Among the relief that Plaintiff seeks is "an order [that Defendant] be arrested, hel[d] in law enforcement custody until he can appear in court," and subjected to criminal contempt proceedings. *See* doc. 1 at 8; *see also* doc. 7 at 4 (requesting "the Defendant be held in federal criminal contempt, imprisoned for egregious criminal contempt," and ordered to make payments on the allegedly outstanding child support obligation). Private citizens are simply not permitted to initiate criminal actions in federal court. *See, e.g., Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."))); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The Court is also without authority to order the United States Attorney, or indeed any other law enforcement officer, to initiate a prosecution. *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a

private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches. *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").

To the extent that Plaintiff seeks to recover support allegedly owed, *see, e.g.,* doc. 1 at 9, doc. 7 at 4-5, instead of, or in addition to, initiating a criminal prosecution, she fails to state a claim. *Cf.* 28 U.S.C. § 1915(e)(2)(B)(ii). The statute that Plaintiff cites does not create any private right of action. *See Alaji Salahuddin v. Alaji,* 232 F.3d 305, 307 (2d Cir. 2000) ("The [Child Support Recovery Act, 18 U.S.C. § 228] does not expressly provide that a person entitled to a state-ordered support

payment may bring a private action under the Act to obtain that payment."). Moreover, courts have held that the statue does not implicitly create any private right of action. *See id.* at 309 ("Although the Act's ultimate goal is to induce parents to support their children, the terms and history of the Act indicate that the mechanism chosen by Congress to achieve that end did not include creation of a private right of action."). Any claim for damages under the cited statutes, therefore, should be **DISMISSED**.[2]

In summary, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Doc. 2. Since she is neither entitled to initiate Defendant's prosecution nor to recover money damages under the statute she cites,

---

[2] The Court notes that Plaintiff appears to have asserted virtually identical claims in the United States District Court for the Middle District of North Carolina in 2017. *See Freeman v. Freeman*, 2017 WL 2821726 (M.D.N.C. May 19, 2017), *adopted* 2017 WL 2821549 (M.D.N.C. June 29, 2017). The Magistrate Jude explained "Section 228 is a criminal statute which does not provide a private right of action." 2017 WL 2721726, at *2 (citation omitted). Plaintiff is advised that asserting claims she knows to be legally meritless may subject her to sanctions. *See, e.g.,* Fed. R. Civ. P. 11(b)(2). Moreover, Freeman's proceeding *pro se* and *in forma pauperis* does not preclude the imposition of sanctions, including monetary sanctions, where appropriate. *See, e.g., Malik v. Wexford Health Servs.,* 762 F. App'x 635, 638 n. 2 (11th Cir. 2019) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

her pleadings fail to state a claim upon which relief may be granted. They should, therefore, be **DISMISSED**.[3]  Docs. 1 & 7.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

[3] Though a *pro se* plaintiff normally should be given an opportunity to amend a pleading at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014), "a district court need not allow amendment if the amended complaint would still be subject to dismissal," *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Freeman's claims do not appear amendable. Nevertheless, Freeman is free to submit an amended complaint within the fourteen-day objections period, discussed below, if she believes she can address the defects in her pleading.

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 27th day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA