IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JACQUELINE FREEMAN,            )
                               )
     Plaintiff,                )
                               )
v.                             )     CASE NO. CV423-173
                               )
KIRK DOUGLAS FREEMAN,          )
                               )
     Defendant.                )
                               )

## O R D E R

Before the Court is the Magistrate Judge's June 27, 2023, Report and Recommendation. (Doc. 10.) Although Plaintiff Jacqueline Freeman filed no objections to the Magistrate Judge's report and recommendation, she has filed a Second Amended Complaint. (Doc. 11.) After a careful review of the record,[1] the report and recommendation (Doc. 10) is **ADOPTED** as the Court's opinion in this case.

Since Plaintiff already filed an Amended Complaint (Doc. 7), she may not further amend her complaint without the Court's leave, which see has not sought. See Fed. R. Civ. P. 15(a). Plaintiff's second amended complaint is therefore improper. Regardless of its

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)) (outlining the standard of review for report and recommendations).

procedural impropriety, there are two additional reasons why the second amended complaint does not merit any further action in this case. First, the second amended complaint asserts completely novel claims arising out of Plaintiff's allegations of Defendant's failure to make payments, described as "child support." (See, e.g., Doc. 7 at 4.) The second amended complaint instead alleges breach of a written agreement, apparently ancillary to child support proceedings. (See Doc. 11 at 4 (referring to a "voluntary private support agreement").) The second amended complaint does nothing, therefore, to undermine the Magistrate Judge's sound conclusion that the request for criminal prosecution and claim for damages under a federal criminal statute are meritless. (See generally Doc. 10 at 3-5.) Whatever the potential merits of the second amended complaint's breach of contract claim, the prior claims are properly dismissed.

Second, while the Court might permit a pro se plaintiff to file an amendment in similar circumstances to avoid the need to file a separate action based on the new claims, Plaintiff has already done so. On July 12, 2023, Plaintiff filed a verbatim copy of her second amended complaint to initiate a new civil action in this Court. See Freeman v. Freeman, CV423-193, Doc. 1 (S.D. Ga. July 12, 2023). Quite obviously, Plaintiff cannot pursue identical claims in two separate cases. Cf. Fed. R. Civ. P. 42(a). Even if the Court overlooked the procedural impropriety of the second

2

amended complaint, either the newly filed case would be consolidated into this case or vice versa considering the identical claims.

Accordingly, given the procedural impropriety of the second amended complaint and that, as the Magistrate Judge explained, the claims asserted in this case are clearly meritless, Plaintiff's amended complaint (Doc. 7), and this case, CV423-173, are **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case, CV423-173. However, the Court will permit further proceedings on Plaintiff's newly asserted breach-of-contract claims in case CV423-193, mentioned above, to continue and will evaluate those claims in the ordinary course of business.

SO ORDERED this 20th day of July 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA